UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA,            )
                                     )
            Plaintiff,               )
                                     )
v.                                   )        No.:   3:22-CR-82-TAV-DCP-6
                                     )
HENRY P. EATON,                      )
                                     )
            Defendant.               )

**<u>ORDER</u>**

Before the Court is defendant's *pro se* motion for early termination of supervised release [Doc. 243].  On October 26, 2023, defendant pleaded guilty to the lesser included offense of Count One of the indictment charging him with conspiracy to distribute a quantity of fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C) [Doc. 172].[1]  The same day, the Court sentenced defendant to time served followed by a term of supervised release of three years [Docs. 173, 174].

On March 4, 2026, defendant filed this instant motion asking the Court for early release from his term of supervised release [Doc. 243].  Defendant states that he has "completed everything [he] was required to do and ha[s] passed every drug screen" [*Id.* at 1].  Defendant also provides that he has paid all fines and has "been doing everything right because [he] do[es] not ever want to be in any trouble again" [*Id.*].  Further, defendant submits that his probation officer recommends his early release from his term of supervised

---

[1] The Court notes that defendant originally pleaded guilty on February 15, 2023 [*See* Doc. 63].  However, after this guilty plea entry, an amended plea agreement was filed [*see* Doc. 101], and therefore, the Court held a second change of plea hearing as to this amended plea agreement.

release [*Id.*].

The United States Probation Office ("USPO") does not object to defendant's request. It advises that his term of supervised release will expire on October 25, 2026. The USPO notes that defendant has followed all conditions of his supervised release. Specifically, the USPO provides that defendant has had no issues with compliance, and that defendant has submitted 16 negative drug tests, the last one being submitted on April 27, 2026. The USPO avers that defendant appears to have reintegrated into society as a law-abiding citizen, and that defendant does not appear to present an identifiable risk to the community at this time.

The government advises that it does not object to defendant's request for early termination of supervised release.

Title 18, § 3583(e)(1) of the United States Code provides as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). The United States Court of Appeals for the Sixth Circuit recently clarified that 18 U.S.C. § 3583(e)(1) "does not require a finding of exceptionally good behavior before a district court may grant a motion for early termination of supervised release," but the court noted that "such behavior remains a relevant consideration." *United*

2

*States v. Hale*, 127 F.4th 638, 642 (6th Cir. 2025).  Indeed, the appellate court predicted that "district courts will 'generally' find early termination proper only when exceptionally good conduct or other changed circumstances are present," but determined that the statutory text does not contain an "exceptional conduct . . . prerequisite to early termination." *Id*. at 641.

Federal judiciary policy also provides guidance to the Court and the USPO when evaluating whether early termination of supervised release is appropriate. *Guide to Judiciary Policy*, Vol. 8E, Ch. 3 § 360.20 (2022) (the "Guide").  Specifically, the Guide indicates there is a presumption in favor of the USPO recommending early termination for persons who meet the following criteria:

> (1) the person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism; (2) the person presents no identified risk of harm to the public or victims; (3) the person is free from any court-reported violations over a 12-month period; (4) the person demonstrates the ability to lawfully self-manage beyond the period of supervision; (5) the person is in substantial compliance with all conditions of supervision; and (6) the person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

*Id.* at § 360.20(c).

After carefully considering the requirements of the statute and the Guide, the Court finds that the relevant provisions of 18 U.S.C. § 3553(a) do not support early termination of defendant's supervised release at this time.  Defendant's request for early termination is based on his compliance with the conditions of his supervised release.  However, such conduct is expected of defendants on supervised release, and defendant has not otherwise

3

demonstrated that terminating his supervised release is warranted by his conduct or is in the interest of justice at this time. *See United States v. Laughton*, 658 F. Supp. 3d 540, 544 (E.D. Mich. 2023) (citation omitted) ("[F]ull compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination."); *United States v. Roman*, No. 2:14-CR-43, 2025 WL 1311275, at *5 (S.D. Ohio May 6, 2025) (citations omitted) ("Courts have repeatedly found that even model conduct while . . . on supervised release is not sufficient to warrant early termination under § 3583(e)(1).")

Accordingly, the Court is not "satisfied that [early termination] is warranted by the conduct of the defendant released and the interest of justice," 18 U.S.C. § 3583(e)(1), and hereby **DENIES** defendant's motion [Doc. 243].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE